UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OUMAR KANA DIALLO,

Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY et al.,

Respondents.

Case No. 1:26-cv-2899

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (*See* Pet., ECF No. 1, PageID.3.)

In an order entered on October 15, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner

should not be granted. (Order, ECF No. 5.) Respondents filed their response on October 20, 2026. (Resp., ECF No. 6.)

## II. Relevant Factual Background

Petitioner is a citizen of Guinea who entered the United States in 2023. (Pet., ECF No. 1, PageID.1.) In or around December 2025, Petitioner was arrested by immigration officers. (*Id.*)

On September 14, 2026, Petitioner filed a § 2241 petition challenging his detention following a bond hearing held on February 26, 2026, in *Kana Diallo v. Putra* (*Diallo I*), No. 1:26-cv-2567 (W.D. Mich.) The Court denied Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for failure to exhaust administrative remedies, finding that Petitioner did not allege that his bond hearing was constitutionally deficient and Petitioner could "request a subsequent bond redetermination by submitting a written request in the Immigration Court." Op. *Diallo I*, (W.D. Mich. Oct. 1, 2026), (ECF No. 9, PageID.78.)

## III. Discussion

In Petitioner's present § 2241 petition, he again argues that his detention has become unconstitutionally prolonged, and again, he does not argue that his bond hearing on February 26, 2026, was constitutionally deficient. (*See* Pet., ECF No. 1.) For the same reasons set forth in the Court's opinion in *Diallo I*, the Court will dismiss the action without prejudice for failure to exhaust administrative remedies. (*See* Op., ECF No. 9, PageID.78 (discussing that "[i]f Petitioner believes that the circumstances have changed materially since an initial bond redetermination, he can request a subsequent bond redetermination by submitting a written request in the Immigration Court" (citing 8 C.F.R. § 1003.19(e)).)

To the extent that Petitioner challenges the factual determinations that were made at the bond hearing, those are issues that are properly raised on appeal to the Board of Immigration Appeals (BIA). *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citation omitted)

(discussing that if the noncitizen is "dissatisfied with the [immigration judge's] bond determination," the noncitizen ordinarily must "file an administrative appeal so that 'the necessity of detention can be reviewed by . . . the BIA'"); *see also Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006) (discussing that "an alien's due process challenge generally does not require exhaustion" because "the BIA lacks authority to review constitutional challenges," but noting that an "alien must raise correctable procedural errors to the BIA").

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 6, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge